# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Gustavo Aguilar Guzman and        Civ. No. 13-3353 (JRT/JJK)
Gabriela Tatiana Castro Serna,

           Plaintiffs,

v.                    **REPORT AND RECOMMENDATION**

Great Southern Bank,[1]

           Defendant.

Gustavo Aguilar Guzman and Gabriela Tatiana Castro Serna, *pro se* Plaintiffs.[2]

Jared M. Goerlitz, Esq., counsel for Defendant Great Southern Bank.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

In this action, Plaintiffs Gustavo Aguilar Guzman and Gabriela Tatiana

Castro Serna seek to invalidate the foreclosure of the mortgage on their home.

---

[1]     This action was commenced in Dakota County District Court and was removed to U.S. District Court based upon diversity jurisdiction (Doc. No. 1.) Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc. were voluntarily dismissed as Defendants in this action by Notice filed on February 17, 2014 (Doc. No. 22), and their separate motion to dismiss was withdrawn by letter filed on February 24, 2014 (Doc. No. 23.)

[2]     On January 14, 2014, William B. Butler, attorney for Plaintiffs, was suspended from the practice of law in this District effective December 26, 2013. (Civ. No. 13-mc-49 (MJD) (Doc. No. 10).)  A substitute attorney, Susanne Glasser, Esq., was permitted to withdraw as counsel for the Plaintiffs by Order dated April 14, 2014.

Plaintiffs' Complaint asserts three counts: (1) a quiet-title claim—i.e., a claim to determine adverse claims under Minn. Stat. § 559.01; (2) a claim for a declaratory judgment; and (3) a claim of slander of title.  This matter is before the Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. Local Rule 72.1, on Defendant Great Southern Bank's ("Great Southern") Motion to Dismiss (Doc. No. 9).  This Court took the matter under advisement on the papers submitted by docket entry Notice issued on January 13, 2014. (Doc. No. 18.)  For the reasons below, this Court recommends that Great Southern's Motion to Dismiss be granted and Plaintiffs' claims be dismissed with prejudice.

## FACTS

Plaintiffs reside in and are in possession of real property located at 1489 Woodview Street East, Eagan, MN 55122.  (Doc. No. 1, Compl. ¶ 1.)  They acquired their interest in the property via warranty deed dated December 12, 2006.  (*Id.* ¶ 2.)  On October 31, 2006, Plaintiffs executed and delivered a $179,500.00 promissory note, as well as a mortgage securing the note, to First Residential Mortgage Corporation ("FRMC").  (*Id.* ¶ 6; Ex. 1.)  The mortgage identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender, FRMC. (*Id.*)

MERS, as nominee, assigned the mortgage to Inter Savings Bank, FSB ("Inter Savings") on May 10, 2011. The Assignment of Mortgage  ("AOM") was executed by Tori Mock on behalf of MERS and was recorded in Dakota County on May 17, 2011. (*Id.* ¶ 13; Ex. 2.)   A Notice of Pendency of Proceeding and

Power of Attorney to Foreclose Mortgage was executed on May 12, 2011 ("May

12, 2011 NOP/POA").  The NOP/POA was executed by Michael Oberle as

attorney in fact for Inter Savings.  (*Id.* ¶ 14; Ex. 3.)  It authorized the law firm of

Peterson, Fram & Bergman, PA ("PFB") to conduct proceedings for foreclosure

by advertisement on the Plaintiffs' mortgage on behalf of Inter Savings and was

recorded with the Dakota County Recorder on May 17, 2011.  (*Id.*)

A subsequent NOP/POA was executed on April 17, 2012, by Jennifer

Dobron in her capacity as Vice President and Assistant Secretary at Inter

Savings Bank, FSB.  (*Id.* ¶ 15; Ex. 4.)  The April 17, 2017 NOP/POA was

recorded in Dakota County on April 27, 2012, and it likewise authorized PFB to

conduct foreclosure by advertisement proceedings on the Plaintiffs' mortgage on

behalf of Inter Savings.  (*Id.*)

On April 27, 2012, Inter Savings was closed by the Office of the

Comptroller of the Currency, and the FDIC was named as the Receiver for the

bank. (*Id.* Ex. 5.)  On January 15, 2013, the FDIC assigned Inter Savings' interest

in the Plaintiffs' note and mortgage to Great Southern by Receiver's Assignment

of Deed of Trust/Mortgage executed by Ginger Tompkins as attorney-in-fact for

the FDIC. (*Id.* ¶ 16; Ex. 5.)  The assignment was recorded in Dakota County on

February 11, 2013. (*Id.*)  Thereafter, on February 20, 2013, a NOP/POA was

executed by Jana House on behalf of Great Southern, now authorizing PFB to

conduct proceedings for foreclosure on the Plaintiffs' mortgage for Great

Southern (*Id.* ¶ 18; Ex. 6.)   The February 20, 2013, NOP/POA was recorded in Dakota County on February 26, 2013. (*Id.*)

A Notice of Mortgage Foreclosure Sale was prepared by PFB on behalf of Great Southern and the Notice was provided by publication in March and April 2013. (*Id.* Ex. 7.)   A Sheriff's sale was conducted on April 30, 2013, and the subject property was sold to Great Southern for $106,250. (*Id.* ¶ 19; Ex. 7.)  The Sheriff's Certificate of Sale and Foreclosure Record was recorded in Dakota County on April 30, 2013. (*Id.*)  Plaintiffs commenced this action to invalidate the foreclosure by service of the Summons and Complaint on or about November 19, 2013. (Doc. No. 1, Not. of Removal.)

Plaintiffs alleged in their Complaint that the foreclosure on their property was invalid because Great Southern was not a real party in interest having legal authority to enforce rights relating to the note and foreclosure. (*Id.* ¶ 22.) Plaintiffs also challenged the validity and/or enforceability of certain documents, i.e. the Assignment of Mortgage from MERS to Inter Savings Bank; the April 17, 2012 Notice of Pendency and Power of Attorney; and the January 15, 2013 Assignment of Mortgage from the FDIC to Great Southern. (*Id.*  ¶ 23.)

In their written opposition to Great Southern's motion to dismiss the Plaintiffs contend that Great Southern did not have the rights of a holder in due course because the note had gone through insolvency proceedings and the assignment of mortgage to Great Southern was executed by a person who had not obtained authority through a power of attorney to act on behalf of the FDIC.

4

Plaintiffs seek relief by way of a quiet title claim under Minn. Stat. § 559.01; declaratory judgment under Minn. Stat. § 555.01,et seq.; and a claim for slander of title.[3]

## DISCUSSION

### I.   Standard of Review

In reviewing a motion for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

---

[3]  Defendant Great Southern argues that Plaintiffs have waived declaratory judgment and slander of title claims by failing to respond to the motion to dismiss those claims.  The argument is well taken and dismissal for failure to object or argue the slander of title and declaratory judgment claims is warranted.  *See Torborg v. Federal National Mortgage Association, et al.*, 13-1211 JRT/JSM, 2014 WL 1303921, at *3 (D. Minn. March 31, 2014).  *See also Seipel v. Bank of Am., N.A.*, 239 F.R.D. 558, 566 (E.D. Mo. 2006).  Nevertheless, those counts are summarily addressed in this Report and Recommendation.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 545. Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## II. Analysis

### A. Quiet Title

Plaintiffs bring a quiet-title claim to determine adverse claims under Minn. Stat. § 559.01. Minnesota's quiet-title statute provides that "[a]ny person in possession of real property . . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01.

Plaintiffs assert that they are personally in possession of the real property (Compl. ¶ 25), and it therefore becomes the Defendant's burden to "prove the validity of [its] claim." However, "[i]n order to survive Defendants' motion to dismiss, [Plaintiffs] must plead facts that support [their] quiet title claim sufficient

to satisfy federal pleading standards." *Ko v. Mortg. Elec. Registration Sys.*, Civ.

No. 13-596 (JRT/AJB), 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013) (citing

*Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013)).

This requires that a complaint "plead adequate facts to establish a plausible

'claim that the Defendants' adverse claims are invalid.'" *Gharwal v. Fed. Nat'l

Mortg. Ass'n*, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904, at *2 (D. Minn.

Sept. 11, 2013) (quoting *Karnatcheva*, 704 F.3d at 548).

### 1. Unclean Hands

Plaintiffs' claim for a determination of adverse claims must be dismissed

because Plaintiffs come to this Court with unclean hands.  In Minnesota,

"[a]ctions to quiet title and to determine adverse claims are equitable actions."

*E.g.*, *Haubrich v. U.S. Bank Nat'l Ass'n*, No. 12-565 (DSD/TNL), 2012 WL

3612023, at *3 (D. Minn. Aug. 21, 2012), *aff'd*, 720 F.3d 979 (8th Cir. 2013).  "A

plaintiff who seeks equity must come into court with clean hands." *Id.* (finding

dismissal of quiet-title claims warranted based on plaintiffs' default status)

(citations omitted).

Plaintiffs defaulted on the mortgage loan by failing to make promised

payments, eventually leading to the foreclosure they now challenge after the

sheriff's sale of the property and the expiration of the redemption period.

Plaintiffs "seek to declare their mortgage invalid after defaulting; as such, they

come to the present case with unclean hands." *Stilp v. HSBC Bank USA, N.A.*,

No. 12-3098 (ADM/JJK), 2013 WL 1175025, at *4 (D. Minn. Mar. 20, 2013),

7

*aff'd*, 539 F. App'x 694 (8th Cir. 2013); *see also  Haubrich*, 2012 WL 3612023, at

*3; *Novak v. JP Morgan Chase Bank, N.A.*, No. 12-589 (DSD/LIB), 2012 WL

3638513, at *4 (D. Minn. Aug. 23, 2012), *aff'd*, 518 F. App'x 498 (8th Cir. 2013)

("Plaintiffs now live in the houses without making payment, and they seek to

declare their mortgages invalid after defaulting.  In short, plaintiffs seek equitable

relief from an outcome of their own creation."); *Butler v. Fed. Nat. Mortg. Ass'n*,

No. 12-2697 (SRN/TNL), 2013 WL 2145701, at *7 (D. Minn. May 15, 2013);

*Yang Mee Thao-Xiong v. Am. Mortg. Corp.*, No. 13-354 (MJD/TNL), 2013 WL

3788799, at *4 (D. Minn. July 18, 2013).  Indeed, Plaintiff's affirmatively allege

that they are personally in possession of the property and make no pretense that

have made any payments in the nature of mortgage payments, rents, or

otherwise.  Thus, Plaintiffs cannot state an equitable quiet-title claim.

### 2.  No Plausible Claim that Foreclosure Should be Invalidated

Even if Plaintiffs' quiet-title claim was not barred by Plaintiffs' unclean

hands, it should be dismissed because Plaintiffs have no plausible claim that the

foreclosure should be invalidated.  "To state a quiet-title claim, a plaintiff must

state facts sufficient to allow the court to draw the reasonable inference that he

or she is in possession of property and that a defendant claims a right or title to

the property *but has no such right or title*."  *Haubrich*, 2012 WL 3612023, at *3

(emphasis added).  Here, Great Southern obtained an interest in the property

from the FDIC and was the successful bidder at the sheriff's sale of Plaintiffs'

property.  And "because [Plaintiffs] did not redeem the property within the six-

month period provided by Minnesota law, the Sheriff's Certificate of Sale is 'evidence of title in fee thereunder in the purchaser at such sale, the purchaser's heirs or assigns.'" *Butler*, 2013 WL 2145701, at *4 (quoting Minn. Stat. § 580.19).  "Therefore, the sheriff's sale and the expiration of the redemption period operates to give [the purchaser] title in fee to the property[.]"  *Id.* (citing *Karnatcheva*, 704 F.3d at 548).

Plaintiffs' assert that Great Southern's claimed interest in the property derives from mortgage assignments that were flawed.  It is argued that the AOM from MERS to Inter Savings was not a valid transfer and Inter Savings therefore never had title to the mortgage that could later be transferred to the FDIC.  Similarly, Plaintiffs make the bare allegation that the January 15, 2013, AOM from the FDIC to Great Southern was not effective because the document was signed by Ginger Tompkins on behalf of the FDIC as attorney-in-fact though she was a Great Southern employee and was not given authority to make the transfer by recorded power of attorney.

Allegations as to lack of interest in the mortgage based upon ineffective assignments, such as those asserted by Plaintiffs in this case with respect to Great Southern's interest in the mortgage, have repeatedly been found to be conclusory and lacking in factual support, and insufficient to meet the pleading standards under *Twombly* and *Iqbal*.  *See Karnatvcheva*, 704 F.3d at 548; *see also Luzaich v. JP Morgan Chase Bank, N.A.*, 13-1869 DWF/JSM, 2014 WL 300824, at *6 (D. Minn. Jan. 28, 2014) (citing cases).  The Sheriff's Certificate of

Sale (Compl. Ex. 7) is *prima facie* evidence that Great Southern complied with the legal requirement for a foreclosure sale, Minn. Stat. § 580.19, and the record in this matter, including documents attached to the Complaint, establishes a chain of title from the original mortgage and note holder--FRMC, to the FDIC.  As to Plaintiffs' contention that the FDIC transfer to Great Southern was ineffective because an assignment was not executed by a person having authority pursuant to a recorded Power of Attorney, Plaintiff offers no authority for the legal requirement they now seek to impose as to recording the authority of an attorney-in-fact signator.  This allegation is speculative and conclusory.  *Torborg v. Federal National Mortgage Association, et al.*, 13-1211 JRT/JSM, 2014 WL 1303921, at *4 (D. Minn. March 31, 2014).  Plaintiffs simply offer no facts in either the Complaint, with attachments, or in opposition to the motion to dismiss, to rebut evidence that Great Southern had an interest in the mortgage and that the foreclosure was properly and lawfully conducted.[4]

Based on all of the above reasons, this Court recommends dismissal of Plaintiffs' quiet-title claim.

---

[4]  Plaintiff's claims based upon improper assignments are properly dismissed for lack of standing as well.  *Quale v. Aurora Loan Servces, et al.*, 13-621 (JNE/AJB), 2013 WL 3166584 (D. Minn. June 20, 2013) *aff'd* __ Fed. Appx. __, 2014 WL 1386699 (8th Cir. April 10, 2014).  The party injured by an improper or fraudulent assignment is the mortgagee-assignor (mortgage holder), not the mortgagor (homeowner).  *Id.*, at * 1.

**B. Slander of Title**

Plaintiffs assert a slander-of-title claim against Great Southern in Count 3. A slander-of-title claim requires that (1) a defendant made a false statement; (2) then published that false statement to others; (3) defendant maliciously published the statement; and (4) the publication caused plaintiffs a pecuniary loss in the form of special damages. *Paidar v. Hughes*, 615 N.W.2d 276, 279–80 (Minn. 2000). Plaintiffs allege that Defendant(s) drafted and recorded documents that "are false, invalid, and were not executed by legally authorized persons" and that Defendant(s) "knew or should have known that the documents were false." (Compl. ¶ 39.)

Plaintiffs have not adequately pleaded the elements of a slander-of-title claim, much less met the heightened pleading standard required under Fed. R. Civ. P. 9(b) for such claims. *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1032 (8th Cir. 2012) (stating that Rule 9(b) applies to slander-of-title claims). Plaintiffs were required to make specific factual allegations regarding the circumstances of any alleged false statement. *See id.* But Plaintiffs' Complaint is void of any facts from which this Court could infer that Great Southern made any false statement or acted with malice. Plaintiffs have also failed to plead any facts indicating that they relied on any alleged misrepresentation. *See Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 994 (D. Minn. 2012). Thus, Plaintiff has failed to state a slander-of-title claim that is plausible on its face, and dismissal is appropriate. *See Lara v. Fed. Nat'l Mortg.*

*Ass'n*, No. 13-676 (SRN/AJB), 2013 WL 3088728, at *3 (D. Minn. June 18, 2013;

*Pope v. Fed. Home Loan Mortg. Corp.*, No. 12-3094 (SRN/JJG), 2013 WL

2251001, at *4 (D. Minn. May 22, 2013); *Haubrich*, 2012 WL 3612023, at *6.

### C. Declaratory Judgment

The basis for the declaratory judgment claim is unclear but it appears to be

based on the same allegations as the failed quiet-title claim.  Therefore, for the

same reasons stated above, the declaratory judgment claim, Count 2, must fail.

*See Lara*, 2013 WL 3088728, at *3.   "A claim for declaratory judgment must be

supported by a substantive legal right."  *Id.* (citations omitted).  "Having failed to

state a substantive claim, the [Complaint] also fails to state a claim for a

declaratory judgment."  *Id.*

### RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that:

1.      Defendant Great Southern Bank's Motion to Dismiss (Doc. No. 9),

be **GRANTED**; and

2.      This case be **DISMISSED WITH PREJUDICE**.


Date: April 15, 2014

                                           s/Jeffrey J. Keyes
                                          JEFFREY J. KEYES
                                          United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 29, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.